[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA
The Plaintiffs seek damages arising out of a heating oil spill in the basement of their home in November, 1997. The Defendants, DiMaggio Plumbing Heating, Inc., and Anthony DiMaggio, installed the heating system and fuel tank. The Plaintiffs have noticed a deposition of, and served a subpoena duces tecum on, National Grange Mutual Insurance Company (National Grange), the Defendants' liability carrier. The subpoena was served on the State of Connecticut Insurance Commissioner, as National Grange does not have a corporate facility or satellite office where employees work on a regular basis in the State of Connecticut (pursuant to General Statutes § 38a-25).
The documents requested from National Grange are:
1. All documents in its possession or control relating or referring to the matter raised in this action.
2. All documents in its possession or control relating or referring to the November, 1997 oil spill at the Plaintiffs' home. CT Page 13966
3. All documents in its possession or control relating or referring to the claim of DiMaggio Plumbing for insurance coverage based upon the lawsuit and/or the oil spill.
4. A copy of the insurance policy issued to DiMaggio and/or DiMaggio Plumbing.
The Defendants filed a motion for protective order and to quash the subpoena. The Defendants claim that the requested discovery goes beyond the scope permitted in that it seeks documents that are protected from discovery by the "work product" privilege and the "attorney/client" privilege, that disclosure of the requested materials would not be of assistance in the prosecution of this action and that the information sought was not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further claim that the subpoena was not properly served on the Custodian of Records for National Grange and did not correctly utilize the procedures for "out of state" depositions as set forth in Practice Book § 13-28.
 I SERVICE
The Defendants claim that the Insurance Commissioner is not the proper person upon whom to serve a discovery subpoena.
General Statutes § 38a-25 (a)(1) provides in pertinent part:
 (a) The Insurance Commissioner is the agent for receipt of service of legal process on the following:
 (1) Foreign and alien insurance companies authorized to do business in this state in any proceeding arising from or related to any transaction having a connection with this state.
The Defendants claim that "service of legal process" means only "mesne process" and does not include service of a subpoena for a deposition. No authority is cited by the Defendants for this proposition. However, the Defendants opine that "legal process is historically known as mesne process, which is defined in Practice Book § 8-1." (Defendants' Memorandum dated September 28, 2000, p. 5.) Contrary to the Defendants' opinion, the phrase legal process is commonly used for a much broader range of activities than just the commencement of an action. See Millsv. Rogers, Superior Court, judicial district of New Britain, Docket No. CT Page 13967 482208 (July 31, 2000, Aurigemma, J.) (27 Conn.L.Rptr. 647, 649) (§52-257 (b)(7) sets fees allowed in civil actions and includes fees for service of process including service of subpoenas); Yale New HavenHospital, Inc. v. Mark Giordano, Superior Court, judicial district of New Haven at New Haven, Docket No. 424825 (September 21, 2000, Pittman, J.) (2000 Conn. Super. LEXIS 2520) (court refers to third party subpoena as "legal process"). Black's Law Dictionary defines a "subpoena duces tecum" as "[a] court process. . . ." Black's Law Dictionary (6th Ed. 1990).Black's also defines "Process" as the "[m]eans whereby court compels appearance of defendant before it or a compliance with its demands, " and General Statutes § 54-82i relating to the attendance of witnesses in criminal proceedings, defines a summons as "a subpoena, order or other notice requiring the appearance of a witness."
Accordingly, service for discovery purposes on the Insurance Commissioner was appropriate.
 II WORK PRODUCT AND ATTORNEY CLIENT PRIVILEGE
The Defendants acknowledge that, upon showing of the requisite need, discovery of otherwise privileged work product may be had. The question here is whether the need for the documents has been shown. In Lalonde v.Ford Motor Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 324160 (December 14, 1994, Hodgson, J.) (13 Conn.L.Rptr. 209), cited by the Defendants, the plaintiff served a subpoena duces tecum on the Defendants' insurance carrier for information regarding the insurer's investigation of the condition of a Ford Aerostar following an accident in which the front wheel allegedly detached from the vehicle while the plaintiff was driving. The court determined that even if some of the information sought was work product, the plaintiff had established the requisite need under the "hardship" exception. Id., 210.
In addition, to be protected, the attorney's work must have formed an essential step in the procurement of the data and the attorney must have performed duties normally attended to by attorneys. Jacobs v. Dickey, Superior Court, judicial district of New Haven at New Haven, Docket No. 359518 (February 9, 1998, Silbert, J.) (21 Conn.L.Rptr. 392, 392-93).
The burden of establishing that the information sought constitutes work product is upon the party asserting such a claim. Carrier Corp. v. TheHome Insurance Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 352383 (June 12, 1992, Schaller, J.) (6 Conn.L.Rptr. 478, 479). CT Page 13968
National Grange commenced an investigation following the incident, prior to the clean up of the scene. The results of this investigation are clearly relevant and may contain important information unavailable elsewhere. Discovery of this material is necessary because information that is obtained close in time to an incident is likely to provide a more accurate rendition of what occurred, and here is not equally available to all parties. Gonzales v. White, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 264096 (June 19, 1990, Jones, J.) (1 Conn.L.Rptr. 778); Decossard v. Pate, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132284 (Feb. 7, 1995,D'Andrea, J.) (13 Conn.L.Rptr. 493, 494). Discovery is also available as there has not been a showing that work of the Defendants' attorneys formed an essential step in the procurement of the information. Jacobsv. Dickey, supra, 21 Conn.L.Rptr. 392-93.
National Grange was notified on the day following the spill, November 20, 1997. (Defendants' Memorandum, p. 21.) Two attorneys, who have not appeared in this case, were allegedly retained on January 2, 1998. The counselor who represents the Defendants in this action was retained on December 9, 1998, after service of the complaint. Thus, at least one year passed between the time National Grange was notified of the incident and the time when it retained trial counsel.[1] The Defendants have failed to demonstrate that any information acquired through the investigation, either prior to or after the retention of counsel, satisfies the requirements for protection as work product.
There is both a clear need for the requested information and an apparent inability to secure it in any way other than through discovery. The Defendants have failed to support their claim for protection by affidavit or other evidence. As a result, all information requested shall be produced and available for use in depositions, subject only to claims as to attorney-client privilege. Claims of attorney-client privilege shall be made with a privilege log detailing the nature of the document and the reason it should be protected. Any such claim shall be accompanied by submission of the document to the court for an in camera
review. Any item specifically addressing plans for defense, suggestions as to negotiations and/or estimates of the value of the case are not included in this order and need not be produced. Any documents claimed to come within the purview of this exception shall be provided to the court for in camera inspection.
Hiller, J.